UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
MIKE VEGA, on behalf of all others similarly      :
situated,                                          :
                                                   :
                                                   :
                              Plaintiff,           :
        v.                                         :        22 Civ. 4614 (AKH)
                                                   :
ENERGY TRANSFER LP, KELCY L. WARREN,   :           **ORDER APPOINTING LEAD**
THOMAS E. LONG, MARSHALL S. MCCREA     :           **PLAINTIFF AND COUNSEL**
III, BRADFORD DICERKSON WHITEHURST,    :
and JOHN W. MCREYNOLDS,                 :
                                                   :
                              Defendants.          :
-------------------------------------------------------------- X

ALVIN K. HELLERSTEIN, U.S.D.J.:

        The above-captioned class action alleges that Defendant Energy Transfer

("Energy Transfer"), a company engaged in natural gas and propane pipeline transport whose

shares trade on the NYSE, and its directors and officers, made materially false and misleading

statements, and also failed to disclose, that (i) Energy Transfer had inadequate internal controls

and procedures to prevent contractors from engaging in illegal conduct with respect to drilling

activities, or failed to mitigate properly known issues; (ii) Energy Transfer, through its subsidiary

hired third-party contractors whose conduct caused severe pollution; and (iii) Energy Transfer

continually downplayed its potential civil liabilities while the Federal Energy Regulatory

Commission was actively investigating Energy Transfer's wrongdoing.  (ECF No. 1.)  The

Complaint seeks relief on behalf of all those who purchased or otherwise acquired common

shares of Energy Transfer between April 13, 2017 and December 20, 2021 (the "Class Period"),

under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act), as

amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), 15 U.S.C.

§§ 78j(b) and 78t(a), and Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5.

1

On August 2, 2022, four potential class members disclosed their financial interest and moved to be appointed as lead plaintiff and for their respective counsel to be appointed lead counsel.  *See* ECF Nos. 11 (Police and Fire Retirement System of the City of Detroit claiming $7.3 million loss); 15 (Mike Vega claiming $3,699.36 loss); 19 (Josephine Dameyer claiming $276,639.72 loss); 23 (New Mexico State Investment Council and Public Employees Retirement Association of New Mexico (the "New Mexico Funds") claiming $55,200,000 loss).  In light of the disclosures, the parties stipulated that the New Mexico Funds are the presumptive lead plaintiffs and ask me to appoint them as lead plaintiffs and their counsel, Robbins Geller Rudman & Dowd LLP, as lead counsel.  (ECF No. 26.)  For reasons provided below, the motion is granted.

## DISCUSSION

I.    Legal Standard

The PSLRA instructs courts to "appoint as lead plaintiff" the party or parties "most capable of adequately representing the interests" of the class.  15 U.S.C. § 78u-4(a)(3)(B)(i).  Under the PSLRA, there is a rebuttable presumption that the most adequate plaintiff is the

> person or group of persons that—
>
> (aa) has either filed the complaint or made a motion in response to a notice . . .
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

*Id.* at § 78u-4(a)(3)(B)(iii)(I).  As to financial interest, "courts have consistently held that . . . the magnitude of the loss suffered[] is most significant." *Mustafin v. GreenSky, Inc.*, 18-cv-11071,

2019 WL 1428594, at *4 (S.D.N.Y. Mar. 29, 2019).  And as to Rule 23, "at this early stage of

litigation," only "typicality and adequacy[] are pertinent."  *Id.* at *5.

B.     Analysis

The New Mexico Funds have the greatest financial interest, making them the presumptive lead

plaintiff under the PSLRA.  Although the motion to appoint them as lead plaintiffs is now

unopposed, I still must "consider the factors under the PSLRA to ensure that the movant[s are]

the most adequate plaintiff[s]."  *City of Warren Police & Fire Ret. Sys. v. Foot Locker, Inc.* 325

Supp. 3d 310, 314 (E.D.N.Y. 2018).  I hold that they are.

The New Mexico Funds meet the statutory requirements.

First, their motion is timely because it was filed by the statutory deadline.

Second, and most importantly, the New Mexico Funds have the greatest financial

interest, as they claim losses of greater than $55,200,000, *see* ECF No. 24, Exs. 2, 3.  The losses

far exceed those claimed by any other movant, rendering the New Mexico Funds the

"presumptive lead plaintiff" under the PSLRA.

Finally, they satisfy the typicality and adequacy requirements of Fed. R. Civ.

P. 23.  The New Mexico Funds's claims are typical because they "arise[] from the same course

of events," and the New Mexico Funds will make "similar legal arguments to prove

[Defendants'] liability."  *Lopez v. CTPartners Exec. Search Inc.*, No. 15-CV-1476, 2015 U.S.

Dist. LEXIS 64751, at *5 (S.D.N.Y. May 18, 2015).  To wit, the New Mexico Funds allege, like

all other class members, that they purchased Energy Transfer shares during the Class Period;

were adversely affected by Defendants' false and misleading statements and omissions; and

suffered damages thereby.  *See Waterford Twp. Police & Fire Ret. Sys. v. Smithtown Bancorp,

Inc.*, No. 10-CV-01405, 2011 WL 3511057, at *4 (E.D.N.Y. May 31, 2011) (finding typicality

satisfied where movants purchased stock at artificially inflated prices "and suffered damages as a

result").

3

The New Mexico Funds also are adequate plaintiffs because they have retained class counsel that is qualified, experienced, and generally able to conduct the litigation; there is no conflict between the New Mexico Funds and the members of the class; and, they have a sufficient interest in the outcome of the case to ensure vigorous advocacy. *See City of Monroe Emps.' Ret. Sys. v. Hartford Fin. Servs. Grp., Inc.*, 269 F.R.D. 291, 297 (S.D.N.Y. 2010). In addition, the New Mexico Funds are sophisticated institutional investors—the type of investor whose participation Congress sought to encourage, predicting that their involvement would significantly benefit class members. *See id.* 269 F.R.D. at 294. Moreover, the New Mexico Funds are well-versed in the obligations and responsibilities of a lead plaintiff based on their prior (successful) service in multiple other securities cases. They are well-equipped and committed to directing the prosecution of this action, as they have full-time access to the advice and counsel of the New Mexico Attorney General's Office, which will continue to expend the time and resources to assist in the supervision of this litigation. And, as noted above, they have retained counsel that is experienced, qualified, and capable.

Accordingly, because the New Mexico Funds moved timely, have the greatest financial interest in the litigation, and satisfy the typicality and adequacy requirements of Rule 23, I appoint the New Mexico Funds as lead plaintiffs. In addition, I see no reason to disturb the New Mexico Funds's reasonable choice of lead counsel, Robbins Geller Rudman & Dowd LLP. *See id.* at § 78u-4(a)(3)(B)(iii)(II)(aa); *Kaplan v. S.A.C. Capital Advisors, L.P.*, 311 F.R.D. 373, 383 (S.D.N.Y. 2015) (noting the PSLRA's "strong presumption in favor of approving a properly-selected lead plaintiff's decision[] as to counsel") (quotation marks omitted).

## CONCLUSION

For the reasons stated above, the New Mexico Funds's motion to appoint them as lead plaintiffs, and their counsel, Robbins Geller Rudman & Dowd LLP, as lead counsel is granted. The case shall proceed under the name *In re Energy Transfer Securities Litigation*. The

4

New Mexico Funds shall file an amended complaint, conforming the caption, by DATE.

Defendants shall answer or otherwise respond by DATE.  The parties shall appear for an initial

pre-trial conference on DATE, at 10 a.m.  The Clerk of Court shall terminate the open motions

(ECF Nos. 11, 15, 19, 23).

SO ORDERED.

Dated:          August 10, 2022
                New York, New York

ALVIN K. HELLERSTEIN
United States District Judge