UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
:
: 22 Civ. 4614 (AKH)
:
: **ORDER GRANTING MOTION**
IN RE ENERGY TRANSFER SECURITIES : **TO TRANSFER TO THE**
LITIGATION : **NORTHERN DISTRICT OF**
: **TEXAS**
:
:
------------------------------------------------------------- X
ALVIN K. HELLERSTEIN, U.S.D.J.:

    Plaintiff commenced this federal securities putative class action in June 2022, alleging that Defendant Energy Transfer ("Energy Transfer") and its directors and officers made materially false and misleading statements and omissions that artificially inflated Energy Transfer's stock price. (ECF No. 1.) The Complaint seeks relief on behalf of all those who purchased or otherwise acquired common shares of Energy Transfer between April 13, 2017 and December 20, 2021 (the "Class Period"), under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), 15 U.S.C. §§ 78j(b) and 78t(a), and Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5. On October 7, 2022, Defendants moved to transfer this case to the United States District Court for the Northern District of Texas, Dallas Division. (ECF No. 47.) For the reasons provided below, I hold that this case should be transferred to Texas.

## DISCUSSION

    Under 28 U.S.C. § 1404(a), "a district court may transfer any civil action to any other district or division where it might have been brought." *Atlantic Marine Construction Co. v. United States District Court for the Western District of Texas*, 571 U.S. 49, 134 (2013). Decisions to transfer lie within the discretion of the Court and are determined on a case-by-case

1

analysis of convenience and fairness to the parties. *Boehner v. Heise*, 410 F. Supp. 2d 228, 241 (S.D.N.Y. 2006).

Courts undertake a two-step inquiry to decide motions to transfer venue under § 1404(a). *See Enigma Software Grp. USA, LLC v. Malwarebytes, Inc.*, 260 F. Supp. 3d 401, 407 (S.D.N.Y. 2017) (citing *Everlast World's Boxing Headquarters Corp. v. Ringside, Inc.*, 928 F. Supp. 2d 735, 743 (S.D.N.Y. 2013)). First, the Court determines whether the action could have been brought in the transferee district; second, the Court considers "whether transfer would be an appropriate exercise of the Court's discretion." *Everlast*, 928 F. Supp. 2d at 743 (citation omitted). In assessing whether transfer is an appropriate exercise of discretion, courts balance various factors including: (1) the plaintiff's choice of forum; (2) the convenience of witnesses; (3) the location of relevant documents and relative ease of access to sources of proof; (4) the convenience of parties; (5) the locus of operative facts; (6) the availability of process to compel the attendance of unwilling witnesses; (7) the relative means of the parties; (8) the forum's familiarity with the governing law; and (9) trial efficiency and the interest of justice. *See Starr Indem. & Liab. Co. v. Brightstar Corp.*, 324 F. Supp. 3d 421, 431 (S.D.N.Y. 2018); *Fellus v. Sterne, Agee & Leach, Inc.* 783 F.Supp.2d 612, 618 (S.D.N.Y. 2011).

Though district courts have discretion to transfer a case under §1404, courts give substantial deference to the plaintiff's choice of venue. *Steinberg & Lyman*, 690 F. Supp. at 266 (citing *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947)). The burden of demonstrating the desirability of transfer lies with the moving party and, in considering the motion for transfer, and the moving party must show that transfer is appropriate by "clear and convincing evidence" that the balance of convenience favors transfer. *See N.Y. Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc.*, 599 F.3d 102, 114 (2d Cir 2010).

The parties do not dispute that this suit could have been brought in the Northern District of Texas. When, as here, suits are brought under the Securities Exchange Act, venue is

proper wherever "the defendant is found or is an inhabitant or transacts business." 15 U.S.C. § 78aa(a). The Northern District of Texas is a proper venue within the meaning of the federal securities laws because Defendant is headquartered in Dallas, Texas and the individual Defendants either reside or work there. Accordingly, I must consider whether the factors of convenience weigh in favor of transferring venue to the Northern District of Texas, or allowing it to remain in the Southern District of New York.

*Plaintiff's Choice of Forum*

Courts generally give substantial deference to the plaintiff's choice of forum. *Steinberg & Lyman*, 690 F. Supp. at 266 (citing *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947). Defendants argue that Plaintiffs' choice of forum should be given little to no deference here because Lead Plaintiffs intend to represent a nationwide class of "geographically dispersed" shareholders. Am. Compl. ¶ 169. Defendants further claim that Plaintiffs' choice should be granted less deference because the Lead Plaintiffs are themselves not New York residents. Plaintiffs, in turn, argue that the Lead Plaintiffs have a fiduciary duty to determine the most advantageous forum, considering factors such as strategy and convenience, and that their determination should be granted deference regardless of their residency or the geographical distribution of the class.

Defendants are correct that the deference generally afforded to Lead Plaintiffs' choice of forum should be diminished in this case. *See Garity v. Tetraphase Pharms. Inc.*, 2019 WL 2314691, at *2 (S.D.N.Y. May 30, 2019) ("courts afford little weight to a plaintiff's choice of forum in a securities class action") (collecting cases). "This is particularly true where, as here, the plaintiff purports to represent a geographically dispersed class." *Id.*; *see also ChannelAdvisor Corp. Sec. Litig.*, 2015 WL 4064625, at *1 (S.D.N.Y. July 2, 2015) (finding plaintiff's choice of forum even "less compelling" where "plaintiffs choose a forum that is not their home district"). However, as Plaintiffs note, "[a]ffording less deference to representative

3

plaintiffs does not mean they are deprived of all deference in their choice of forum." *DiRienzo v. Philip Servs. Corp.*, 294 F.3d 21, 28 (2d Cir. 2002).

On balance, I find that while this factor weighs against transfer, the deference generally granted to Plaintiffs' choice of forum is significantly diminished.

*Convenience of Witnesses*

"[T]he convenience of the witnesses is generally considered the most important factor in deciding a motion to transfer venue." *In re Stillwater Min. Co. Sec. Litig.*, No. 02 CIV. 2806 (DC), 2003 WL 21087953, at *4 (S.D.N.Y. May 12, 2003). In evaluating this factor, "courts must consider the materiality, nature, and quality of each witness, not merely the number of witnesses in each district." *Houlihan Lokey Howard & Zukin Cap. Inc. v. Protective Grp., Inc.*, 2005 WL 3367044, at *4 (S.D.N.Y. Dec. 12, 2015). In securities fraud actions, "the key witnesses are frequently officers and employees of the issuer who participated in drafting and distributing [the] statements." *In re Glob. Cash Access Hldgs., Inc. Sec. Litig.*, 2008 WL 4344631, at *4 (S.D.N.Y. Sept. 18, 2008). Further, it is "well known that trials in securities class action focus almost entirely on the defendants' conduct." *ChannelAdvisor*, 2015 WL 4064625, at *2 (S.D.N.Y. July 2, 2015).

Defendants argue that most of the likely witnesses are located in or near the Northern District of Texas, including the directors and officers named as individual Defendants; members of Energy Transfer's investor relations department; most witnesses aside from the individual Defendant who would have knowledge as to Energy Transfer's public statements and disclosures; and other executives and high-ranking employees of Energy Transfer. Defendants also note that the representatives of the Lead Plaintiffs and individuals likely to be called as third-party witnesses do not reside in either forum, and therefore will be required to travel regardless of venue.

4

Plaintiffs advance three arguments in opposition; I will address each in turn. First, Plaintiffs argue that Defendants' motion is procedurally flawed, because movants relying on this factor are required to identify witnesses and the probable subject matter of their testimony. *See Lesser ex. rel. Lesser v. Camp Wildwood*, 2002 WL 1792039, at *3 (S.D.N.Y. Aug. 2, 2002) ("Defendants relying on this factor must 'support the application with an affidavit containing detailed factual statements relevant to the factors set forth above, including the potential principal witnesses expected to be called and a general statement of the substance of their testimony'") (citation omitted); *see also Falconwood Fin. Corp. v. Griffin*, 838 F. Supp. 836, 840 (S.D.N.Y. 1993) ("A party making a motion to transfer on the ground that witnesses will be inconvenienced is obliged to specify the witnesses to be called and to describe generally what they will say, thereby providing the judge with enough information to weigh the importance of witness convenience against other factors."). There is no doubt that Plaintiffs are correct in principle. However, where, as here, it is obvious that a substantial portion of the witnesses are located in the transferee district, courts have found this factor to favor transfer even absent a list of witnesses and the probable subject matter of their testimony. *See MBCP Peerlogic LLC v. Critical Path, Inc.*, No. 02 CIV. 3310 (SWK), 2002 WL 31729626, at *4 (S.D.N.Y. Dec. 5, 2002) ("Even though defendants have not provided a list that identifies potential witnesses expected to be called to testify, the events giving rise to this action demonstrate that the vast majority of material witnesses are in Northern California and would therefore find it more convenient to testify in California than in New York."). Indeed, in one of the cases cited in Plaintiff's submission, the Court notes that "such a deficiency might well be fatal," then proceeds to find that the factor weighs in favor of transfer since it is obvious that defendant's employees are likely to testify. *Shulof v. Westinghouse Elec. Corp.*, 402 F. Supp. 1262, 1264 (S.D.N.Y. 1975) ("it is reasonable to assume that [Defendant] may well call all of its

employees . . . who have knowledge of the negotiations . . . and that its papers were intended to imply that the persons whom it did actually name would likely be witnesses at trial").

Second, Plaintiffs argue that the potential witnesses for this case are located across the country, including securities analysts in New York; individuals working for the Federal Energy Regulatory Commission in Washington, D.C.; and employees and investigators of the Ohio EPA. I find this argument to be unconvincing. With regard to securities analysts located in New York, courts consistently grant little weight to the location of such witnesses. *See, e.g., Steck*, 2015 WL 3767445, at *5 ("[Plaintiff's] assertion that financial analysts who covered Santander probably work in New York deserves negligible weight."); *City of Birmingham Firemen's & Policemen's Supplemental Pension Sys. v. Pluralsight, Inc.*, 2019 WL 12496341, at *2 (S.D.N.Y. Oct. 24, 2019) ("a listing on the NASDAQ and the involvement of third-party financial entities . . . do not change the locus of the dispute"); *Erickson v. Corinthian Colleges, Inc.*, 2013 WL 5493162, at *4 (S.D.N.Y. Oct. 1, 2013) ("Securities analysts lack personal knowledge of the circumstances regarding the alleged false statements, and therefore do not provide a significant tether to the Southern District of New York."). I also find Plaintiffs' allusion to other unnamed witnesses located outside of both the current forum and the transferee forum to be irrelevant. *See Herbert Ltd. P'ship v. Elec. Arts Inc.*, 325 F. Supp. 2d 282, 288 (S.D.N.Y. 2004) ("The convenience of witnesses who reside in neither the current nor the transferee forum is irrelevant when considering a motion to transfer."); *NBA Properties, Inc. v. Salvino, Inc.*, No. 99 CIV. 11799 AGS, 2000 WL 323257, at *6 (S.D.N.Y. Mar. 27, 2000) (finding the convenience of certain witnesses to be "irrelevant because the witnesses are located outside of both the current and transferee forums").

Finally, Plaintiffs argue that Defendants' witnesses located in Texas would be subject to only minor inconvenience, given the affordability of travel and the widespread use of videoconferencing. However, the Court need not make a finding regarding the *amount* of

inconvenience the witnesses would suffer; my inquiry is limited to the *relative* convenience of the two forums.

In sum, while Plaintiffs may be correct that certain witnesses outside of the Northern District of Texas will be identified, it is clear that many key witnesses are located in or near Dallas. Accordingly, I find that the convenience of witnesses favors transfer.

*Convenience of the Parties*

Defendants contend that it would be more convenient for them to litigate in Texas, where Energy Transfer is headquartered and where the individual Defendants work or reside. Defendants further claim that, because the individual Defendants are current officer and executives of Energy Transfer, trial proceedings in New York might lead to disruption of Energy Transfer's operations. Plaintiffs do not offer a convincing counterargument. While Plaintiffs state quite clearly *that* the current forum is more convenient than Texas, they offer very little regarding *why* it is more convenient. Indeed, the Lead Plaintiffs do not reside in New York or Texas and will therefore be required to travel regardless of forum. I therefore find that this factor favors transfer.

*Location of Operative Documents and Relative Ease of Proof*

Defendant claims that this factor weighs in favor of transfer because relevant documents are located in Texas. However, as a general rule, courts have consistently held that the "location of relevant documents is not a major consideration in an era of electronic records and eDiscovery." *Datacatalyst, LLC v. Infoverity, LLC*, No. 20-CV-310, 2020 WL 1272199, at *4 (S.D.N.Y. Mar. 17, 2020) (citing cases). Accordingly, I find this factor to be neutral.

*Locus of Operative Facts*

Defendant contends that the locus of operative facts favors transfer because the allegedly false and misleading statements were made in the Northern District of Texas. Defendants note that Energy Transfer's SEC filings are drafted, approved, and issued at the

company's headquarters in Dallas. Plaintiffs respond that Defendants have meaningful contacts with New York because Energy Transfer's general partner and its Rover subsidiary are registered to do business in New York, and because Energy Transfer units trade on the New York Stock Exchange. Plaintiffs also argue that many of the operative facts took place outside of Texas, and that, because Energy Transfer's statements were disseminated nationwide, the fact that such statements were made in Texas should not be dispositive.

On balance, I agree with Defendants. In general, the "locus of operative events in a securities action is where the alleged misrepresentations were made." *Erickson*, 2013 WL 5493162, at *6; *see also Pluralsight*, 2019 WL 12496341, at *2 (finding this factor to weigh "heavily in favor of transfer" where all but one alleged false or misleading statement was made in the transferee forum). While Plaintiffs are correct to point out that the statements were disseminated nationwide, a fact which this court found significant in *SEC v. Milton*, 2022 WL 3156180 (S.D.N.Y. Aug. 8, 2022), that case is distinguishable based on the existence of operative facts and material connections to New York. Here, to the extent that Plaintiffs do identify operative facts that occurred outside of Texas, they do not make the case that such facts occurred in New York. *See Travelers Prop. Cas. Co. of Am. v. Ocean Reef Charters LLC*, 324 F. Supp. 3d 366, 381 (W.D.N.Y. 2018) ("Whether or not there are multiple loci of operative facts is irrelevant, because it does not appear that New York bears any more than a tangential relation to the facts of this case."). Energy Transfer's New York connections identified by Plaintiffs are insufficient to shift the locus of operative facts. *See Pluralsight* 2019 WL 12496341, at *2 ("a listing on the NASDAQ and the involvement of third-party financial entities . . . do not change the locus of the dispute"). As such, I find that this factor weighs in favor of transfer.

*Remaining Factors*

The remaining factors are neutral or weigh in favor transfer. The parties agree that the relative means of the parties is neutral. Likewise, the respective forums' familiarity with

the federal securities laws also is neutral. With respect to the availability of process, Plaintiffs note that securities analysts operating in New York may be called as lay witnesses and could not be compelled to testify in Texas. However, I have no reason to speculate as to the willingness of these unnamed witnesses to testify, and I therefore find this factor to be neutral. Finally, with respect to judicial efficiency and the interests of justice, for the reasons already discussed above, I find that the interests of justice will be served by transfer.

## CONCLUSION

Having considered the relevant factors, I find that a transfer of venue to the U.S. District Court for the Northern District of Texas is appropriate. The conference scheduled for November 18, 2022 is cancelled. The Clerk shall transfer the case to the U.S. District Court for the Northern District of Texas, terminate the open motion (ECF No. 47), and close this docket.

SO ORDERED.

Dated: November 7, 2022
New York, New York

ALVIN K. HELLERSTEIN
United States District Judge